UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                  609-989-0478
United States Bankruptcy Judge                                                  609-989-2259 Fax

September 24, 2012

Kimberly Pelky Sdeo, Esq.
Maselli Warren, P.C.
600 Alexander Road
Princeton, NJ 08540
Attorneys for JPMorgan Chase Bank, N.A.

Andria Dobin, Esq.
Graig P. Corveleyn, Esq.
Sterns & Weinroth
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, NJ 08607-1298
Attorney for Andria Dobin, Chapter 7 Trustee

                Re:  In re Mary Holder Agency, Inc.
                    Case No. 11-34280 (MBK) (Chapter 11)

Counselors:

      This matter comes before the Court on the motion of JPMorgan Chase Bank, N.A. ("Chase," and/or the "Creditor") to establish a super-priority administrative expense claim under 11 U.S.C. §§ 503(b) and 507(b).  The Court has reviewed the submitted pleadings and entertained oral arguments on July 26, 2012.  This Court now makes the following ruling:

    **I.**      **Jurisdiction**

      This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b), 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (M) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## II. Background

Chase and Mary Holder Agency, Inc. (the "Debtor") entered into a loan agreement and guarantee for $50,000.00 in September 2000, secured by a blanket lien on all of the Debtor's assets. Chase then filed and recorded a UCC Financing Statement on November 29, 2000, and continued to maintain its perfected interest by filing continuation statements on September 30, 2005, June 24, 2010, and an amended UCC-3 on July 15, 2010. On August 15, 2011, the Debtor filed a Chapter 11 Bankruptcy and on December 8, 2011, the Court entered an order to convert the case to a proceeding under Chapter 7. Thereafter, Andrea Dobin was appointed Chapter 7 trustee ("Trustee").

Chase contends that as of the petition date, it held a fully secured claim based on the Debtor's stated assets. The Court entered an interim order on September 6, 2011, and a final order on October 17, 2011, authorizing the Debtor's use of cash collateral pursuant to 11 U.S.C. §363(c), which provided Chase with replacement liens on Debtor's post-petition receipts ("Cash Collateral Order"). Chase filed its proof of claim on February 1, 2012.

On March 28, 2012, the Trustee advised Chase by letter that she had received post-conversion payments of $7,423.81. This figure, Chase's collateral, included commissions on post-petition closings, a refund from New Jersey Natural Gas, and a refund from The Hartford. As a result, Chase filed the instant motion seeking to establish a super-priority administrative claim under 11 U.S.C. § 507(b). Chase claims that as of June 1, 2012, the Debtor owes Chase a principal balance of $65,112.77, interest of $1,278.05, and costs of $239.03.

## III. Chase Does Not Have a Superpriority Administrative Expensive Claim within the Meaning of § 507(b).

11 U.S.C. § 507(b) grants a super-priority to claims of secured creditors that arise due to failure of the trustee [or debtor-in-possession] to provide adequate protection for the secured

2

claimant's interests. Claims under § 507(b) have priority over most other claims entitled to administrative priority. The super-priority of § 507(b) is intended to compensate the secured claimant for the difference between the adequate protection provided by the debtor and any actual decrease in the value of the collateral occurring during the pendency of the bankruptcy action. Section 507(b) is "an attempt to codify a statutory failsafe system in recognition of the ultimate reality that protection in previously determined the 'indubitable equivalent' . . . may later prove inadequate." In re Carpet Ctr. Leasing Co., Inc., 4 F.3d 940, 941 (11th Cir. 1993) (internal quotations marks and citations omitted).

Section 507(b) establishes three requirements for allowance of an administrative claim in the event that adequate protection proves inadequate. See In re Hanna, 1997 WL 755144, *1 (Bankr. W.D. Pa. 1997). First, the Court must have directed the debtor to provide adequate protection. See In re Dispirito, 371 B.R. 695, 701 (Bankr. D.N.J. 2007). Second, such adequate protection must have failed to preserve the creditor's interest in the collateral. Dispirito, 371 B.R. at 701. Third, the claim must be allowable under § 507(a)(1), and by reference, § 503(b). Dispirito, 371 B.R. at 701. For the reasons explained below, Chase has not satisfied its burden to prove its entitlement to a § 507(b) priority claim. See In re Scopac, 624 F.3d 274 (5th Cir. 2010); Ford Motor Credit Co. v. Dobbins, 35 F.3d 860 (4th Cir. 1994).

At the outset, the Court reiterates its concern expressed at oral argument that the October 17, 2011, order is totally devoid of language suggesting that the replacement liens were provided or intended to adequately protect Chase's interests in the collateral. Indeed, the term "adequate protection" does not appear anywhere in the document. At no time did this court direct the Debtor to provide such adequate protection to Chase. Moreover, at no time did this Court ever make a ruling as to the value of the underlying collateral or extent of Chase's lien against the

3

Debtor's assets, or the adequacy of the proffered replacement liens. This Court is not persuaded that the Debtor's use of Chase's collateral caused a decline in collateral value. Chase's claim under § 507(b) must be one "arising from the . . . use [or] sale of such property under section 363 . . ." 11 U.S.C. § 507(b). Accordingly, Chase is required to establish that any decline in value was caused by the Debtor's post-petition use of the collateral; in this regard, Chase has not satisfied its burden since there are a myriad of potential reasons for the diminution in the collateral's value, and the record in this matter certainly does not point to any single cause.

This Court further disagrees with Chase's contention that it is entitled to assert a § 503(b) administrative claim, a necessary predicate for entitlement to super-priority status under § 507(b). The Bankruptcy Code provides administrative status to claims for the "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b). Determining whether a creditor has an administrative claim is a two-prong test: (1) the expense must have arisen from a post-petition transaction between the creditor and the trustee (or debtor-in-possession) and (2) the transaction must have substantially benefited the estate. In re DAK Indus., Inc., 66 F.3d 1091, 1094 (9th Cir. 1995); In re Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984); In re Pinnacle Brands, Inc., 259 B.R. 46, 51 (Bankr. D. Del. 2001).

In this matter, Chase does not satisfy the second prong – Chase's claim does not arise from a post-petition transaction with the Debtor. Rather, Chase seeks to recover its entire secured claim which is grounded upon its pre-petition loan agreement with the Debtor. The Court is cognizant that some courts have ruled previously that the negotiation for continued possession of collateral in return for adequate protection is a post-petition transaction providing

additional value to the bankruptcy estate.[1]  See e.g. In re Carpet Center Leasing Co., 991 F.2d 682, 687 (11th Cir. 1993); American Toy & Furniture Company, Inc., Case No. 92-27686 (Bankr. E.D. Wis. 1992); compare with In re Jartran, 732 F.2d 584 (7th Cir. 1984); In re Mammoth Mart, Inc. 536 F.2d 950 (1st Cir. 1976) (ruling under the Bankruptcy Act).  This Court chooses not to follow these decisions, as it is clear that Chase does not possess two separate claims, one pre-petition and one post-petition.  Here, Chase's claim relates to the September, 2000 loan agreement.  No further monies have been provided by Chase to the Debtor.

**IV.    Conclusion**

In light of this reasoning, Chase's motion is denied.  Chase does not have a super priority administrative claim, and thus, cannot advance its claim above all other creditors.  The Trustee is directed to submit a form of order reflecting the Court's rulings.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: September 24, 2012

---

[1] Again, the Court notes that the record does not evidence any negotiation with respect to adequate protection.  The Court, by its opinion, does not suggest that there cannot be an independent post-petition transaction with a secured creditor which is premised on an offer of adequate protection, but that is not the case at bar.